UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY A. HART,

    Plaintiff,

v.                                          Case No. 5:20-cv-293-TKW-MJF

SCOTT PAYNE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart, DC# 075432, has filed a civil rights complaint under 42 U.S.C. § 1983. Hart's complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis*. The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Hart is barred under § 1915(g) from proceeding *in forma pauperis*, and failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

Hart is an inmate of the Florida Department of Corrections ("FDC") currently confined at Gulf Correctional Institution ("Gulf CI"). (Doc. 1 at 2). Hart's complaint names one Defendant: Gulf CI Warden Scott Payne. The body of Hart's complaint explains that in some circumstances, prison officials may not be entitled to qualified immunity when they violate First Amendment rights. Hart then asserts that the allegations of his complaint in Case Number 3:20-cv-5733-MCR-EMT, state a plausible First Amendment claim. (*Id*. at 2).[2]

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a

---

[2] In Case Number 3:20-cv-5733-MCR-EMT, Hart has been ordered to file an amended complaint on the court-approved form, accompanied by either the $400.00 filing fee or an application to proceed *in forma pauperis*. Hart did not file his present complaint on the court-approved form and did not caption the complaint for Case Number 3:20-cv-5733-MCR-EMT. Instead, Hart wrote the following in place of a case number: "TO BE SET."

> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The undersigned previously noted that Hart has *six* strikes under § 1915(g). *See Hart v. Inch*, No. 4:18-cv-411-MW-MJF, 2018 WL 7075198 (N.D. Fla. Dec. 13, 2018) (recommending dismissal of Hart's civil rights action pursuant to three-strikes

bar and identifying qualifying cases), *report and recommendation adopted*, 2019 WL 251491 (N.D. Fla. Jan. 17, 2019).

Because Hart has *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Hart's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Construed liberally, Hart's allegations—that his allegations in a separate case state a claim for retaliation in violation of the First Amendment—fail to make a colorable showing that he is under imminent danger of serious physical injury. Because Hart is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree, supra*.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff initiating a new civil action accompanied by payment of the filing fee.

2. The clerk of court close this case file.

At Panama City, Florida, this 29th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**